21-2593-cv
*Cao-Bossa v. New York State Department of Labor*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of March, two thousand twenty-three.

PRESENT:  JOSÉ A. CABRANES,
REENA RAGGI,
JOSEPH F. BIANCO,
*Circuit Judges.*

---

WEILI CAO-BOSSA,

    *Plaintiff-Appellant,*        21-2593-cv

    v.

NEW YORK STATE DEPARTMENT OF LABOR,

    *Defendant-Appellee,*

LINDSAY PULCHER, Project Assistant, Associate Accountant; KATHLEEN A. ELFELDT, Director of Finance,

    *Defendants.*

---

**FOR PLAINTIFF-APPELLANT:**   Weili Cao-Bossa, *pro se*

**FOR DEFENDANT-APPELLEE:**  Barbara D. Underwood, Solicitor General,
Jeffrey W. Lang, Deputy Solicitor General,
Sarah L. Rosenbluth, Assistant Solicitor

General, *for* Letitia James, Attorney
General of the State of New York,
Albany, New York.

Appeal from an order of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the August 19, 2021 decision and order of the District Court be and hereby is **AFFIRMED**.

Appellant Weili Cao-Bossa, proceeding *pro se*, appeals the District Court's grant of summary judgment in favor of the New York State Department of Labor ("NYSDOL") with respect to her claims that NYSDOL unlawfully discriminated against her on the basis of her national origin and age. Cao-Bossa asserted that NYSDOL discriminated against her in violation of Title VII and the Age Discrimination in Employment Act ("ADEA") by (1) failing to hire her for one "Accountant Trainee" position and (2) after hiring her for a different Accountant Trainee position, firing her from it.[1]

"We review *de novo* a district court's grant of summary judgment after construing all evidence, and drawing all reasonable inferences, in favor of the non-moving party." *Sotomayor v. City of N.Y.*, 713 F.3d 163, 164 (2d Cir. 2013) (per curiam). "Summary judgment is appropriate only when 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.

The first issue on appeal is whether the District Court "abused its discretion" by (1) denying Cao-Bossa's requests for an extension of time to file a second response to NYSDOL's motion for summary judgment and (2) crediting as undisputed certain facts in NYSDOL's statement of material facts. *See Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 226 (2d Cir. 2004); *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001).

Cao-Bossa, after two sixty-day extensions, filed her opposition to NYSDOL's summary judgment motion and argued only that the motion should be denied because NYSDOL's brief allegedly exceeded the prescribed page limit. The District Court acted well within its discretion

---

[1] On appeal, Cao-Bossa does not challenge the District Court's denial of her claims under the ADEA. Because Cao-Bossa does not raise this issue on appeal, she "has abandoned it." *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995).

when it denied Cao-Bossa's request to file a second, substantive response. Cao-Bossa had been made aware of the consequences of failing to substantively reply to NYSDOL's memorandum of law and statement of material facts, but nevertheless chose not to file a substantive response. Additionally, the District Court independently ensured that the material facts identified by NYSDOL were supported by the record. *See Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004).

We therefore affirm the District Court's denial of Cao-Bossa's request to file a second response to NYSDOL's motion for summary judgment and its determination that certain material facts were undisputed.

## II.

The second issue on appeal is whether the District Court properly granted summary judgment to NYSDOL on Cao-Bossa's "failure to hire" claim on the basis that it was not timely filed.

"Title VII requires a claimant to file a charge of discrimination with the [Equal Employment Opportunity Commission ("EEOC")] within 180 days of the alleged unlawful employment action or, if the claimant has already filed the charge with a state or local equal employment agency, within 300 days of the alleged discriminatory action." *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 712 (2d Cir. 1996) (citing 42 U.S.C. § 2000e-5(e)(1)). Cao-Bossa's failure to hire claim is based on NYSDOL's decision not to hire her for the first Accountant Trainee position on July 14, 2016. Cao-Bossa did not file her complaint with the New York State Department of Human Rights ("NYSDHR") until July 13, 2017, and the record does not reveal that she filed anything with the EEOC before that date.[2] Cao-Bossa failed to comply with Title VII's time constraints, and the District Court thus properly dismissed Cao-Bossa's "failure to hire" claim.[3]

---

[2] By form dated January 26, 2018, the EEOC adopted the NYSDHR's December 20, 2017 finding that Cao-Bossa had failed to establish "probable cause" that NYSDOL had engaged in unlawful employment practices. Supp. App'x at 105–08.

[3] For the first time on appeal, Cao-Bossa argues that her failure to hire claim could be construed under 42 U.S.C. § 1983. Cao-Bossa did not, however, bring her claim under § 1983 and cannot now receive the benefit of bringing a claim under that statute, namely the ability to file a claim more than 300 days after the allegedly discriminatory event. *See Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) ("[A] party may not amend pleading[s] through statements in briefs." (citation omitted)).

## III.

The final issue on appeal is whether the District Court properly granted summary judgment to NYSDOL on Cao-Bossa's wrongful termination claim.

To establish a *prima facie* case of wrongful termination under Title VII, a plaintiff must establish, *inter alia*, that she "was performing h[er] duties satisfactorily." *Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000). The record is clear that Cao-Bossa, a probationary employee, was not performing her duties satisfactorily. *See* Supp. App'x at 26–27 (3-month evaluation report rating Cao-Bossa as "needs improvement"); *id.* at 347–48 (6-month evaluation report rating Cao-Bossa as "unsatisfactory" and recommending her termination). The District Court therefore properly concluded that Cao-Bossa failed to establish a *prima facie* case of wrongful termination under Title VII, and we affirm its grant of summary judgment to NYSDOL on that basis.

## CONCLUSION

Having reviewed the remaining arguments raised by Cao-Bossa on appeal and finding them to be without merit, we **AFFIRM** the decision and order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4